UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY M. YUSCHAK, | ) | CASE NO. 1:19CV520 |
| | ) | |
| Petitioner, | ) | JUDGE DAN A. POLSTER |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| WARDEN EDWARD SHELDON, | ) | <u>INTERIM REPORT AND</u> |
| | ) | <u>RECOMMENDATION OF</u> |
| Respondent. | ) | <u>MAGISTRATE JUDGE</u> |

On February 25, 2019, Petitioner Terry M. Yuschak ("Petitioner) filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] alleging eleven Grounds for Relief. ECF Dkt. #1. Respondent Warden Edward Sheldon, Warden of the Mansfield Correctional Institution, located in Mansfield, Ohio, filed a return of writ on June 17, 2019. ECF Dkt. #9.

On March 8, 2019, Petitioner filed the instant motion requesting a stay and abeyance of his § 2254 federal habeas corpus petition so that he could return to the Ohio state courts in order to exhaust his remedies there as to Grounds for Relief Numbers 10 and 11 of his § 2254 federal habeas corpus petition. ECF Dkt. #3. Petitioner asserts that his unexhausted grounds for relief are "of a meritorious constitutional magnitude involving how trial counsel's failure to investigate to put forth a defense that will do more than prove reasonable doubt, but bring to light the actual person that committed the crime." *Id*. at 2. Petitioner indicates that his motion for stay and abeyance is not for dilatory tactics to delay determination of his § 2254 federal habeas corpus petition as he presented the unexhausted claims in Grounds for Relief Numbers 10 and 11 in a motion for leave and motion for new trial based on newly discovered evidence. *Id.* Petitioner further requests that if the Court finds that stay and abeyance of his § 2254 federal habeas corpus

---

[1] The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

1

petition is improper, the Court should summarily dismiss his petition without prejudice under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. *Id.* at 2-3.

On April 4, 2019, Respondent filed a response in opposition to the motion to stay and abeyance. ECF Dkt. #7. He asserts that Petitioner's tenth and eleventh Grounds for Relief are not potentially meritorious and thus Petitioner is not entitled to a stay and abeyance of his § 2254 federal habeas corpus petition in order to exhaust those Grounds in the state courts. *Id.*

Previously, district courts were required to dismiss federal habeas corpus petitions containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). In light of the AEDPA's establishment of a one-year statute of limitations, coupled with the mixed petition dismissal rule previously established in *Rose*, the Supreme Court has recognized the ability of district courts to stay federal habeas corpus petitions to allow petitioners to pursue remedies for unexhausted claims in state court. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Without allowing district courts to stay mixed petitions, petitioners run the risk of forever losing their opportunity for federal review of their unexhausted claims. *Id.* The Supreme Court also recognized that if employed too frequently, stay and abeyance of mixed federal habeas corpus petitions would undermine the AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Rhines*, 544 U.S. at 277. Frequent use of stay and abeyance would also decrease a petitioner's incentive to exhaust all of his state claims before filing his federal petition. *Id.*

For these reasons, the Supreme Court has emphasized that stay and abeyance should be available only in limited circumstances. In *Rhines*, the Supreme Court provided the following three-part analysis to determine when granting a stay is appropriate: (1) the district court must determine that there is good cause for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims cannot be plainly meritless; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-278.

Respondent asserts that Petitioner is not entitled to a stay and abeyance of his § 2254 federal habeas corpus petition because his Grounds for Relief Numbers 10 and 11 in that petition

are not potentially meritorious. ECF Dkt. #7 at 2. Respondent contends that these Grounds for Relief concern errors in collateral post-conviction proceedings and concern state law procedure, both of which are not cognizable in federal habeas corpus review. *Id.*, citing *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007).

In Ground for Relief Number 10, Petitioner asserts the following:

> The trial court abused its discretion when it failed to grant petitioner's motion for Leave to file a motion for New Trial based on Newly discovered evidence when the record demonstrated by clear and convincing proof that he was unavoidably prevented from discovering the evidence within 120 days of his conviction.

ECF Dkt. #1-1 at 37-38. In Ground for Relief Number 11, Petitioner asserts:

> The trial court abused its discretion when it failed to hold a hearing on petitioner's motion for leave to file a motion for new trial when the record and circumstances supported his claim that he was unavoidably prevented from discovering the new evidence.

*Id.* at 38-39. In his "Memorandum in Support" attached to his §2254 federal habeas corpus petition, Petitioner describes in Ground for Relief Number 10 the newly discovered evidence of a sworn statement by Ms. Alicia Thompson who stated that the co-defendant in Petitioner's criminal case was bragging about shooting someone and getting away with it. ECF Dkt. #1-1 at 37. Petitioner contends that the trial court abused its discretion in its July 16, 2018 decision when it denied his motion for leave to file a new trial because the court focused on what Petitioner and his family knew about alleged text messages sent by the co-defendant to Ms. Thompson about the co-defendant shooting the victim, and not on the fact that the police, prosecutor or defense counsel never contacted Ms. Thompson for her statement even though she lived in Ohio. *Id.* at 38. Petitioner concluded that Ms. Thompson could provide more evidence that it was not him but his co-defendant who was the perpetrator as she could provide proof about the text message and the co-defendant bragging about the shooting that he committed. *Id.*

In his memorandum in support concerning his eleventh ground for relief, Petitioner explains that he provided affidavits that would call into question his guilt and would call into question the failures on the parts of the police, prosecution, and defense counsel. ECF Dkt. #1-1 at 39. He alleges that the new evidence shows a potential key witness and the "evidence on its

3

face establishes unavoidable delay in the discovery of that evidence would entitle the petition to a hearing on the issue." *Id.*

The undersigned recommends that the Court DENY Petitioner's motion for stay and abeyance. ECF Dkt. #3. While no dilatory tactics exist, and even if Petitioner presented good cause for not exhausting Grounds for Relief 10 and 11, the undersigned agrees with Respondent that these two grounds for relief are not potentially meritorious because they are outside the scope of federal habeas corpus review. In Grounds for Relief Numbers 10 and 11, Petitioner is alleging that the state trial court abused its discretion relating to denying his motion for leave to file a motion for new trial. ECF Dkt. #1-1 at 37-39. This Court's review is limited to considering claims that allege a violation of "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims that are based on a "perceived error of state law" fall outside the scope of this Court's review and are not cognizable grounds for federal habeas relief. *See id.; see also Wilson v. Corcoran*, 562 U.S. 1, 5, 131 S.Ct. 13, 178 L.Ed.2d 276 (2010) (quoting *Estelle v. McGuire*, 502 U.S. at 67-68, 112 S.Ct. 475) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"); *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984). Accordingly, since Petitioner is asserting that the state trial court erred in denying his motion for a new trial filed pursuant to Ohio law, his Grounds for Relief are not cognizable before this federal habeas corpus Court. *See Nian v. Warden*, No. 2:17CV313, 2018 WL 3957329, at *7 (S.D. Ohio Aug. 16, 2018), unpublished, citing *Mickens v. Richard,* No. 2:17-cv-00539, 2018 WL 1173037, at *2 (S.D. Ohio March 6, 2018) (citing *Pudelski v. Wilson*, 576 F.3d 595, 610-11 (6th Cir. 2009).

Moreover, errors alleged in collateral post-conviction relief proceedings are also outside the scope of federal habeas corpus review because challenges to post-conviction proceedings "address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration," which is the essence of a § 2254 federal habeas corpus petition and review. *See Cress v. Palmer*, 484 F.3d 844, 753 (6th Cir. 2007). In *Pudelski*, the Sixth Circuit Court of Appeals held that a motion for new trial is part of the original criminal proceeding and is not

4

considered a collateral proceeding "when a state defendant files a motion for new trial before filing a direct appeal, and when the denial of that motion is then consolidated with and reviewed during the direct appeal." 576 F.3d at 610. The instant case is distinguishable from *Pudelski* because even though Petitioner in this case filed a motion for a new trial before the direct appeal of his conviction, that appeal involved different issues than those asserted in Petitioner's tenth and eleventh grounds for relief. ECF Dkt. #9-1 at 36-37.

In his motion, Petitioner additionally requests that the Court summarily dismiss his entire § 2254 federal habeas corpus petition without prejudice if the Court denies his motion for stay and abeyance. ECF Dkt. #3 at 2-3. Since the undersigned recommends that the Court deny Petitioner's motion for stay and abeyance, the undersigned further recommends that the Court grant Petitioner's request to dismiss § 2254 federal habeas corpus petition in its entirety without prejudice.

For the above reasons, the undersigned RECOMMENDS that the Court DENY Petitioner's motion for stay and abeyance of his § 2254 federal habeas corpus petition (ECF Dkt. #3) and, at his request, dismiss his § 2254 federal habeas corpus petition in its entirety WITHOUT PREJUDICE.

DATE: January 16, 2020              */s/ George J. Limbert*
                                              GEORGE J. LIMBERT
                                              UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).